UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALAMO MASONRY & CONSTRUCTION CONTRACTORS, LLC, | § § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 3:13-CV-00448 |
| AIR IDEAL, INC., *et al*, | § § | |
| Defendants. | § § | |

## **MEMORANDUM AND ORDER**

Plaintiff Alamo Masonry & Construction Contractors, LLC filed suit seeking funds from a payment bond related to a construction project for the U.S. Coast Guard Sector Field Office in Galveston.  Defendants Air Ideal, Inc. and The Gray Insurance Company filed a Motion to Transfer Case to the U.S. District Court for the Middle District of Florida (Docket Entry No. 6) based on a forum-selection clause in the parties' subcontract.  That clause provides that "[a]ny legal proceeding of any nature arising out of, in connection with, or by virtue of this agreement, shall be submitted to trial without jury in a court of competent jurisdiction located in Seminole County, Florida."  Docket Entry No. 6-2 at 26. Resolution of the transfer issue turns on whether the agreement to hear this dispute in a court "located in Seminole County, Florida"—a county where no federal courthouse exists—provides solely for a state court forum.  If that is the case, then

1 / 6

the clause conflicts with the exclusive jurisdiction that federal courts have over Miller Act cases.

I. **The Miller Act's Exclusive Federal Jurisdiction Trumps A State-Only Forum-Selection Clause**

In reversing the Fifth Circuit in a recent venue transfer case, the Supreme Court emphasized that forum-selection clauses should prevail under a section 1404 transfer analysis unless extraordinary public interest factors counsel otherwise. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, --- U.S. ----, 134 S. Ct. 568, 581–82 (2013). But this case presents the following issue unrelated to the general enforceability of forum selection clauses and thus one not controlled by *Atlantic Marine*: whether a forum selection clause providing for only a state court forum can override Congress's intent to provide exclusive federal jurisdiction over a claim.

On this issue, the parties agree. This dispute is governed by the Miller Act, 40 U.S.C. §§ 3131–33, the statute that governs performance and payment bonds for construction projects involving the federal government. The Miller Act provides for exclusive federal jurisdiction. 40 U.S.C. § 3133; *see United States ex rel. Harvey Gulf Int'l Marine, Inc. v. Maryland Cas. Co.*, 573 F.2d 245, 247 (5th Cir. 1978). And the defendants do not dispute that that the Miller Act's exclusive federal jurisdiction renders a state-only forum-selection clause invalid. *See United States ex rel. B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d

1115, 1118 (10th Cir. 1995) ("[A] forum selection clause which attempts to divest the federal courts of their exclusive jurisdiction to hear this case is void and unenforceable."). But the parties disagree on whether the forum-selection clause in this case, which refers to a county where no federal court physically sits, provides only a state court forum. The Court now turns to that question.

## II. Does The Forum-Selection Clause Contemplate Only A State Court Forum?

Numerous courts have addressed whether similar forum-selection clauses provide solely for a state court forum, and they have reached different conclusions. *Compare Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 75–76 (2d Cir. 2009) (finding that a forum-selection clause designating venue "in Nassau County, New York" precluded removal to the Eastern District of New York because no federal courthouse exists within Nassau County); *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) ("Because the language of the clause refers only to a specific county and not to a specific judicial district, we conclude venue is intended to lie only in state district court." (citing *Intermountain Sys., Inc. v. Edsall Const. Co.*, 575 F. Supp. 1195, 1198 (D. Col. 1983))); *Rihani v. Team Exp. Distrib., LLC*, 711 F. Supp. 2d 557, 561 (D. Md. 2010) ("Grafting language— 'a court with venue over'—onto a forum selection clause is inconsistent with basic contract law principles."); *Infinite Tech., Inc. v. Rockwell Elec. Commerce Corp.*, 2001 WL 527357, at *1–2 (N.D. Ill. May 16, 2001) (contract requiring suit to be

brought in "courts of DuPage County, State of Illinois" could not be interpreted to include federal court located in Cook County, Illinois); *and Intermountain Sys.*, 575 F. Supp. at 1197–98 (interpreting a forum selection cause which mandated venue in Adams County, Colorado to include the federal district court for Colorado "would be a severe catachresis"); *with Nahigian v. Juno-Loudoun, LLC*, 661 F. Supp. 2d 563, 568 (E.D. Va. 2009) ("This decision holds to the distinction clearly set forth in *Ferri Contracting*: if a venue provision does not contain a reference to sovereignty, then a geographic restriction permits litigation in either the state or federal courts for that geographic region." (citation omitted)); *Xgel Tech., LLC v. C.I. Kasei Co., Ltd.*, 2009 WL 1576837, at *2 (E.D. Mo. June 3, 2009) (construing forum-selection clause requiring venue "in Phelps County, Missouri" as a "geographical limitation" and not "waiv[ing] defendants' right to remove the case to th[at] Court," which encompasses, but is not located in, Phelps County); *Priority Healthcare Corp. v. Chaudhuri*, 2008 WL 2477623, at *2–3 (M.D. Fla. June 18, 2008) (rejecting argument that forum-selection clause designating venue in Seminole County precluded removal "because no federal court sits in Seminole County"); *Epps v. 1.I.L., Inc.*, 2007 WL 4463588, at *3 (E.D. Pa. Dec. 19, 2007) ("The provision's plain language is construed to permit the action in any court of the county, including the federal court in the federal judicial district encompassing Wayne County, Pennsylvania, regardless of whether the federal court is physically

located in the county."); *and Oldlaw Corp. v. Allen*, 2007 WL 2772697, at *6 (C.D. Ill. Sept. 24, 2007) (construing forum-clause specifying venue in Scottsdale, Arizona to include federal district court encompassing Scottsdale, even though no federal courthouse existed in Scottsdale).

The Fifth Circuit has taken the position of the two other courts of appeals to consider this issue—the Second and Tenth—in holding that clauses restricting venue to counties without federal courthouses are intended to make state court venue mandatory. *See Collin Cnty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 52 (5th Cir. 2007). Although *Collin County* is not binding precedent, the Fifth Circuit later followed its reasoning in holding that a clause "providing for venue in a specific county, permits venue in either federal or state court, [when] a federal courthouse is located in that county." *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008) ("Defendants urged on appeal that 'the clause's language allows removal to a federal district court whose jurisdiction encompasses, as well as those courts actually regularly sitting in, Collin County.' Our court rejected that contention, finding 'persuasive [the] distinction between courts encompassing an area and those sitting in or hearing cases in an area.'" (quoting *Collin Cnty.*, 250 F. App'x at 52)).

*Collin County* arose in the context of whether a case could be removed to federal court despite the state-only forum-selection clause, but the different

procedural context does not change the outcome of what is a basic issue of contract interpretation.  "A forum selection clause that specifies venue in a county that has no federal court cannot reasonably be interpreted to permit suit in a federal court located in a different county."  *First Nat'l of N. Am., LLC v. Peavy*, 2002 WL 449582, at *2 (N.D. Tex. Mar. 21, 2002) (collecting cases).  That is an even easier call to make in this case because the clause refers to a court "*located* in" the county where no federal court sits, thus reinforcing that this is a geographical restriction on where the courthouse exists rather than a jurisdictional one involving where its power extends.

Because there is no federal court located in Seminole County and the Miller Act establishes exclusive federal jurisdiction over the claims in this case, the forum selection clause is an invalid attempt to override Congress's intent to have all this claim litigated in federal court.  Accordingly, the Court **DENIES** Defendants' Motion to Transfer (Docket Entry No. 6), and this case will be litigated in this Court where venue is otherwise proper.  *See* 40 U.S.C. § 3133(b)(3) (providing that Tucker Act suits "must be brought in the United States District Court for any district in which the contract was to be performed and executed").

**SIGNED** this 8th day of April, 2014.

_____
Gregg Costa
United States District Judge